*541 Order, Supreme Court, New York County (Charles E. Ramos, J.), entered April 30, 2009, which granted the petition of Jefferies & Company, Inc. and Jonathan D. Sopher to compel respondent Infinity Equities I, LLC to arbitrate certain claims, unanimously affirmed, with costs.
The petition was correctly granted. A nonsignatory may be bound to an arbitration agreement if so dictated by the ordinary principles of contract and agency (see McAllister Bros., Inc. v A & S Transp. Co., 621 F2d 519, 523-524 [2d Cir 1980]). An agent acting within the scope of its authority may bind a principal to arbitration in connection with stock transactions (see Scone Invs., L.P. v American Third Mkt. Corp., 992 F Supp 378 [SD NY 1998]; 99 Commercial St., Inc. v Goldberg, 811 F Supp 900 [SD NY 1993]).
Here, Infinity entered into an investment management agreement which provided that the manager was authorized to choose broker/dealers through which purchases and sales of investments would be made and to negotiate “the terms on which purchases and sales will be effected.” Prior to this agreement, the manager had entered into a clearing agreement with petitioners which included a clause mandating arbitration of disputes concerning stock transactions. The manager acted as an agent for Infinity whenever it chose to execute transactions through petitioners on Infinity’s behalf. Since the agreement between Infinity and the manager authorized the latter to negotiate “the terms on which purchases and sales will be effected,” the fact that the clearing agreement preceded the agency relationship between Infinity and the manager does not preclude Infinity’s being bound by that agreement. Concur— Tom, J.P., Buckley, Catterson, Freedman and Abdus-Salaam, JJ.